Citation Nr: 1448540 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 10-18 489 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for ulcers.


ATTORNEY FOR THE BOARD

E. D. Anderson, Counsel












INTRODUCTION

The Veteran served on active duty from October 1974 to December 1976.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 

In February 2014, the Board remanded this matter to the RO via the Appeals Management Center (AMC) in Washington, D.C. to afford the Veteran a VA medical examination. The action specified in the February 2012 Remand completed, the matter has been properly returned to the Board for appellate consideration. See Stegall v. West, 11 Vet. App. 268 (1998). 

In February 2014, the Board also remanded the issue of entitlement to service connection for depression. On remand, the RO granted entitlement to service connection for unspecified trauma and stressor related disorder (claimed as depression). This constitutes a full grant of the issue on appeal, and the Veteran has not appealed the initial disability evaluation or effective date. Accordingly, the Board no longer has jurisdiction over this issue. 
 
The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In his April 2010 substantive appeal, the Veteran requested a video conference hearing before a member of the Board. However, in December 2013, after being provided notice that a videoconference hearing was scheduled for January 2014, the Veteran requested to change his hearing to an in-person Travel Board hearing. The RO did not cancel the Veteran's January 2014 videoconference hearing or reschedule him for an in-person hearing. Accordingly, the case should be remanded so that the Veteran can be scheduled for the Travel Board hearing he requested or to clarify that he no longer desires an in-person Travel Board hearing.

Accordingly, the case is REMANDED for the following action:

Clarify that the Veteran still wants a Travel Board hearing and if so, then schedule him for the hearing in the order in which his request was received. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
B.W. HENNINGS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (4).